*422 GARWOOD and JONES,
Circuit Judges, specially concurring.
While concurring in Judge Garza’s fine opinion in this case, we deem it appropriate to note an additional ground for rejecting petitioner Montoya’s allegation that the federal district court erroneously denied him discovery and an evidentiary hearing on his claim that one of the jurors knew Montoya’s victim. See Part IIIC of Judge Garza’s opinion. Judge Garza holds that Montoya’s petition in federal court did not sufficiently allege a prima facie violation of McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984), to necessitate a federal factfinding endeavor.
We would also point out that Montoya alleged even less about this purported constitutional violation in his last-minute habeas petition filed in state court. In that venue, Montoya merely stated “on information and belief’ that a juror knew the victim but did not disclose the fact in voir dire, and he sought time to conduct discovery thereon. He did not attach the affidavit of the other juror that he soon after filed in federal court, nor was there any allegation that the juror’s acquaintance with Montoya was just discovered or was not discoverable sooner. He did not allege that the juror’s familiarity with the victim was such that it would have biased her against Montoya.
Under these circumstances, Montoya did not allege sufficient facts to establish a prima facie McDonough violation in state court, and the state court properly denied relief on the ground that he failed to “reasonably show the existence of any fact or facts which would be material to the issue of the legality of his incarceration.”
Because Montoya failed to develop in state court the material facts surrounding this issue of juror disqualification, he was not entitled to a federal court evidentiary hearing unless he established cause and prejudice excusing the default. Keeney v. Tamayo-Reyes, 504 U.S. 1, 11, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992). Montoya alleged in his federal petition neither of these preconditions to the granting of a federal evidentiary hearing. Consequently, we agree with the alternate holding of the district court that Keeney did not require it to conduct the initial factfinding proceeding. As the Supreme Court stated in Keeney, ... “little can be said for holding a habeas petitioner to one standard for failing to bring a claim in state court and excusing the petitioner under another, lower standard for failing to develop the factual basis of that claim in the same forum.” 504 U.S. at 10, 112 S.Ct. at 1720.